## THE STATE *v.* ELFF.

LIQUOR LAW.—*Act of* 1875.—*Proviso of Seventeenth Section.*—By the seventeenth section of the liquor law of March 17th, 1875, it is provided, "that no prosecution shall be instituted or maintained against any person for any violation of the provisions of this act occurring between the time when it shall take effect and the close of the first regular session of the board of commissioners of the proper county, the beginning of which session not taking place in less time than four weeks after this act shall have taken effect."

*Held,* that, if this proviso be void, there is no valid law making the selling, within the time excepted by the proviso, of intoxicating liquor in a less quantity than a quart at a time, without a license, to be drank at the place where sold, an offence; so that, whether it be valid or void, an indictment for so selling on the 6th of April, 1875, was properly quashed.

From the Marion Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellee.

WORDEN, J.—This was an indictment charging the appellee with having, on the 6th of April, 1875, at said county of Marion, sold two gills of intoxicating liquor to a person named, to be drunk at the place where sold, without a license, etc.

The indictment, on motion of the defendant, was quashed. The State excepted, and appeals to this court.

The act of March 17th, 1875, repeals all former laws regulating the sale of intoxicating liquors, hence, if the act charged is criminal, it is because it is made so by the statute of 1875. By the seventeenth section of the latter statute, it is provided, "that no prosecution shall be instituted or maintained against any person for any violation of the provisions of this act occurring between the time when it shall take effect and the close of the first regular session of the board of commissioners of the proper county, the beginning of which session not taking place in less time than four weeks after this act shall have taken effect." Acts Spec. Ses. 1875, p. 58.

The act of 1875 took effect from and after its passage. The alleged time of the offence will be taken, *prima facie,* to be the true time. Hence, it appears that the supposed offence was committed after the last named act took effect. The regular sessions of the boards of commissioners are held on the first Mondays of March, June, September, and December annually. Acts 1861, p. 67. Hence, also, it appears that the supposed offence was committed before the lapse of time contemplated by the proviso above set out in the act of 1875.

But it is insisted by counsel for the State, that the proviso is in conflict with and violation of three different provisions of the constitution of the State, which are pointed out and designated in the brief of counsel. We do not deem it necessary or hardly proper to express any opinion upon this question, in this case, for the reason that, if the position of counsel for the State be well taken, she can derive no benefit from it. The proviso is a part of the enactment, so qualifying the body

The State *v.* Elff.

of the act that, if it must fall as being unconstitutional, the enactment prohibiting a sale without license must also fall. There would then be no foundation whatever for the prosecution. The purpose of the proviso was to give persons an opportunity to procure the required license before penalties should attach for selling without license. If the proviso were to be struck out as unconstitutional, the part of the act prohibiting sales without license could not have the force of law, because it would not, as thus modified, be an expression of the legislative will. The enactment, without the proviso, has not the sanction of legislative authority. It is very apparent that the legislature did not intend to make it an offence to sell without license until parties had had the provided opportunity to procure it; and the courts cannot, by holding a part of the enactment invalid, make that an offence which otherwise would not be. We quote a paragraph from the opinion of this court in the case of *Meshmeier* v. *The State,* 11 Ind. 482, 486, involving a similar question:

" The legislature pass an entire statute, on the supposition, of course, that it is all valid, and to take effect. The courts find some of its essential elements in conflict with the constitution, strip it of those elements, and leave the remaining portion, mutilated and transformed into a different thing from what it was when it left the hands of the legislature. The statute thus emasculated is not the creature of the legislature; and it would be an act of legislation on the part of the courts, to put it in force. The courts have no right thus to usurp the province of the legislature."

The prohibition can be · enforced only with the limitations prescribed by the legislature. If the proviso in question is valid, the prosecution cannot be maintained. If, on the other hand, the proviso is void, there is no valid law making the facts charged an offence. In either event, the court did right in quashing the indictment.

The judgment below is affirmed.